UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHIALA MARVICI and YASMINE FADIL,

                                                 Plaintiffs,

-v-

ROCHE FACILITIES MAINTENANCE LLC, LAURA
AMORUSO, and STEPHEN ROCHE,

                                                Defendants.

21 Civ. 4259 (PAE) (JLC)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court intends to grant defense counsel's motion to withdraw. *See* Dkt. 52. In light of the April 27, 2022 mediation, however, the Court will defer acting on the motion until May 2, 2022. If, by the end of the day on May 2, 2022, successor counsel for Roche Facilities Maintenance LLC ("RFM") has not entered an appearance, the Court will enter default judgment as to RFM, in accord with its January 4, 2022 order stating that plaintiffs' papers in support of default judgment against it are in good order. *See* Dkt. 39.

Similarly, if, by the end of the day on May 2, 2022, successor counsel for individual defendant Stephen Roche has not entered an appearance or Roche has not appeared *pro se*, the Court will enter default judgment as to him—as plaintiffs' papers in support of as much are in good order, and Roche appears to have evaded all attempts by the parties and his own counsel to participate in the case.[1] *See id.*; Dkt. 21 (opinion and order authorizing multi-prong approach to serve Roche, including via certified mail to last-known addresses and by SMS/text message and phone call to last-known phone number); Dkt. 55 (declaration from counsel stating that Roche is

---

[1] Plaintiffs are at liberty to supplement the portion of their motion for default judgment against RFM and Roche to include additional fees and costs incurred since filing that motion.

1

nonresponsive); Dkt. 56 (letter from plaintiffs' counsel detailing unsuccessful attempts to advance case against Roche); appended letter (email from Amoruso stating that she is unable to contact Roche).

By contrast, individual defendant Laura Amoruso appears available to litigate the case, albeit potentially without counsel. If successor counsel for Amoruso has not appeared by the end of the day on May 2, 2022, she is instructed to register, that day, for the Court's electronic filing system. Amoruso is advised that assistance to her, should she proceed without counsel, is available through the Court's Pro Se Intake Unit, which can be reached telephonically at (212) 805-0175, or in person at the Thurgood Marshall Courthouse, 40 Foley Square, Room 105, New York, New York, 10007, during normal business hours, 8:30 a.m. – 5:00 p.m., Monday – Friday.

The Court also acknowledges that Amoruso, via email, has expressed certain concerns regarding the case. Those emails are appended to this order. The issues identified in Amoruso's emails do not appear germane to defense counsel's pending motion to withdraw or any other outstanding matter. Accordingly, the Court will not address the substance of the emails. Amoruso is instructed to communicate with the Court exclusively through letters filed on the docket of this case.

Given the orders above, the Court denies plaintiffs' request to impose terminating sanctions against all defendants and for a pre-motion conference. *See* Dkt. 56. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 56.

Defense counsel is directed to serve a copy of this order on all defendants forthwith. Upon the completion of service, counsel shall file a sworn declaration or affidavit on the docket of this case attesting that service was made and specifying the dates and means of service.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 22, 2022
    New York, New York

## Engelmayer NYSD Chambers

**From:** Laura Amoruso <lamoruso36@gmail.com>
**Sent:** Wednesday, April 20, 2022 11:24 AM
**To:** Engelmayer NYSD Chambers
**Subject:** Fwd: CASE# 1:21-cv-04259-PAE-JLC

**CAUTION - EXTERNAL:**

Good morning,

As per the conversation with the clerk in your office this am, I am requesting an extension for me to both reach out to the other defendant Steven Roche and to attain my new lawyer. I have been unsuccessful yet again in getting in contact with Steven Roche, he is once again MIA and I have just found an attorney that might be willing and has the time to take on the case as of yesterday morning, however I will not be meeting with him until Monday, the 25th. Due to the fact that I have Pancreatic cancer and that I had to pay the invoice for the previous attorney twice, I was unable to secure an attorney sooner. Though I am hopeful that one will be attained after the meeting on Monday. I also have followed up previously ( see below) but my emails were not responded to by the court or the opposing counsel.

I humbly ask for the extension and ask for any consideration on moving this out of the courts since the plaintiff did not work for us for more than 3 to 4 weeks, the company went defunct in January 2021 and I was left holding the bag for all expenses due to the fact that Steven Roche went MIA and had personal issues.

I thank you in advance and look forward to attaining the attorney and resolving this issue asap.

Best,

Laura Amoruso

---------- Forwarded message ---------
From: **Laura Amoruso** <lamoruso36@gmail.com>
Date: Wed, Apr 6, 2022 at 11:31 AM
Subject: CASE# 1:21-cv-04259-PAE-JLC
To: <CourtMail@nysd.uscourts.gov>
Cc: Justin Ames <justin@akinlaws.com>, <rob@akinslaw.com>


To whom it may concern,

Please be advised that I have not heard back in response to my email forwarded on 3/30/31. We are without counsel at the moment and will be retaining alternate counsel. Kindly let me know what needs to be done next.

As stated in the previous email, I am not an owner of the company and no represented on the organizational documents. I simply was helping a friend fund his business that went defunct shortly after it started. The business has no assets, made no money and has not been active for way over a year, due to Mr. Roche being MIA.

I was left holding the bag for vendors, employees and the like and all have been paid. I was not properly served until I received the judgement request and then attained a lawyer who wanted 25k to represent the business. I have sent funds to the lawyer for the work done - but h withdrew at the last minute stating we were not on the same page.

1

I have requested docs from the ADP, the banks and the like. All accounts have been closed and email is not longer accessible. I do have some texts from other employees in regards to Mrs Marvici during that time - but all others have been deleted by the plaintiffs - so I no longer can see or have access. Please note the plaintiff worked with us less than a month and was out more than in. No one was forced to work anything or overtime etc... Plaintiff signed paperwork when we parted ways, received all monies due and was in mutual agreement. Yasmin Fadil worked less than 3 weeks and just stopped coming to work all together.

I am asking the court for time to retain a new lawyer, receive the documents and confirm where Mr. Roche is.

I thank you in advance for your consideration and look forward to hearing back shortly.

Laura Amoruso
(516)581-7089

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.