UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHIALA MARVICI and YASMINE FADIL,

                                      Plaintiffs,

            -v-

ROCHE FACILITIES MAINTENANCE LLC, LAURA AMORUSO, and STEPHEN ROCHE,

                                      Defendants.

21 Civ. 4259 (PAE) (JLC)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On May 12, 2021, plaintiffs filed the complaint. Dkt. 1. On May 17, 2021, plaintiffs served Roche Facilities Maintenance LLC ("RFM"). Dkt. 6. On June 23, 2021, plaintiffs served Laura Amoruso. Dkt. 7. Plaintiffs, however, had failed to serve Stephen Roche by the deadline to do so under Federal Rule of Civil Procedure 4(m), August 10, 2021. On August 17, 2021, the Court issued an Order to Show Cause requiring plaintiffs to explain why the case should not be dismissed against RFM or Amoruso for failure to prosecute, and why Roche had not been served. Dkt. 8. On August 18, 2021, plaintiffs requested and received clerk's certificates of default as to RFM and Amoruso. Dkts. 15–16. On September 13, 2021, plaintiffs filed a letter with the Court explaining their unsuccessful efforts to serve Roche, namely that those efforts were frustrated by Roche's inability to be reached. Dkt. 17.

On September 13, 2021, plaintiffs asked the Court for permission to serve Roche via email, *id.*, which the Court granted, Dkt. 18. On September 29, 2021, plaintiffs informed the Court that their attempt to serve Roche via email was unsuccessful, as the email bounced back as undeliverable. Dkt. 20. On October 6, 2021, the Court issued an Opinion and Order authorizing

1

plaintiffs to use a multi-prong approach to serve Roche, including by serving him via certified mail to his last-known residential and business addresses, and by SMS/text message and phone call to his last-known phone number, which plaintiffs had previously used to communicate with him. Dkt. 21. On November 12, 2021, plaintiffs obtained a Clerk's Certificate of Default as to Roche. Dkt. 29. On December 20, 2021, because defendants had not responded to the complaint or otherwise appeared in this action, plaintiffs filed a motion for default judgment. Dkts. 35–38.

On January 4, 2022, the Court acknowledged that the papers in support of plaintiffs' motion were in good order, and that if any defendant wished to oppose the motion, their counsel was to enter a notice of appearance and file an opposition to the motion by February 4, 2022. Dkt. 39. On January 7 and 14, 2022, plaintiffs served Roche with the October 6, 2021 and January 4, 2022 orders and associated default judgment papers, Dkts. 40–41, 44, and on January 11, 2022, plaintiffs served the same to RFM and Amoruso, Dkts. 45–46.

On January 14, 2022, counsel for defendants entered a notice of appearance, Dkt. 42, and on January 28, 2022, defendants answered the complaint, Dkt. 48. The case proceeded to general pretrial supervision before Magistrate Judge James L. Cott. On March 31, 2022, defense counsel moved to withdraw. Dkt. 52. On April 6, 2022, the Court issued an order explaining that, while it found counsel's withdrawal warranted and expected to grant the motion, it would hold the motion in abeyance until April 20, 2022, in order to give corporate defendant RFM time to retain a new attorney and for that attorney to appear on its behalf. Dkt. 54. On April 22, 2022, the Court issued an order explaining, in relevant part, that (1) it would defer acting on defense counsel's motion in light of a then-forthcoming mediation; (2) absent successor counsel's appearance by May 2, 2022, it would enter default judgment as to liability against defendants RFM and Roche, who appeared to have evaded all attempts by the parties and his

own counsel to participate in the case; and (3) absent successor counsel's appearance on Amoruso's behalf, she was to register for the Court's electronic filing system and to proceed without counsel, with assistance available to her through the Court's Pro Se Intake Unit. Dkt. 57. Successor counsel has not appeared. On May 3, 2022, plaintiffs filed a letter seeking to supplement the portion of their motion for default judgment against RFM and Roche to include reasonable attorney's fees and costs incurred since their initial motion, which the Court had previously invited them to do. Dkt. 60; *see* Dkt. 57.

The Court has previously explained the rationale for entering default judgment as to liability against defendants RFM and Roche, Dkts. 39, 57, and now so orders. The Court will, by separate order, commission an inquest into damages. The Court also grants defense counsel's pending motion to withdraw.

For avoidance of doubt, plaintiffs' case against individual defendant Amoruso remains open and under the general pretrial supervision of Judge Cott.

The Court respectfully directs the Clerk of Court to terminate the motions pending at docket entries 35 and 52.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 6, 2022
       New York, New York

3