```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/07/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHIALA MARVICI, *et ano.*,

                 Plaintiffs,         **ORDER**

     -v.-                              21-CV-4259 (PAE) (JLC)

ROCHE FACILITIES MAINTENANCE
LLC, *et al.*,

                 Defendants.
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Chiala Marvici and Yasmine Fadil ("plaintiffs"), former employees of Roche Facilities Maintenance, LLC ("Roche Facilities"), brought this action against Roche Facilities and its agents Stephen Roche and Laura Amoruso, alleging violations of the Fair Labor Standards Act and New York Labor Law. After a complicated procedural history that need not be repeated here, on May 6, 2022, Judge Engelmayer made a liability finding against defendants Stephen Roche and Roche Facilities and referred the case to me to conduct an inquest into damages with respect to those two defendants. Dkt. Nos. 61–62. Accordingly, on May 9, I ordered plaintiffs to file necessary inquest submissions, and they did so on July 5. *See* Dkt. Nos. 63–67. In the intervening seven months, plaintiffs have taken no action to continue to litigate this case against Amoruso.

      The law is clear that "where Plaintiffs' theory is at least joint and several liability (if not true joint liability), a court should not enter final judgment as to damages until after conclusion of the merits-phase of the proceedings against the

1

actively litigating defendants." *Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532 (AJN), 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017) (citing cases); *see also Grazette v. Rockefeller*, No. 20-CV-965 (AJN) (SLC), 2022 WL 252631, at *3 (S.D.N.Y. Jan. 26, 2022). Where

> not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

*Sun v. GTV Media Grp. Inc.*, No. 21-CV-4529 (LGS) (JLC), 2022 WL 4115221, at *2 (S.D.N.Y. Sept. 9, 2022) (quoting *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992)), *adopted by* 2023 WL 112745 (Jan. 5, 2023).

Here, plaintiffs' theory of the case asserts joint and several liability among all three defendants, including Amoruso. *See, e.g.*, Complaint, Dkt. No. 1 ¶ 41 ("Amuroso is personally and jointly and severally liable"). Thus, as the "complaint makes a joint charge against several defendants," and not all have defaulted, the Court "should not enter a final decree on the merits against the defaulting defendant[s] . . . pending the continuance of the cause." *Century Sur. Co. v. Whispers Inn Lounge, Inc.*, No. 13-CV-9049 (LGS), 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014).

Given that a non-defaulting defendant remains in this action, an inquest with respect to the defaulted defendants appears to be premature. As it is unclear whether plaintiffs plan to continue to litigate this case against Amoruso, the parties (that is, plaintiffs and Amoruso) are hereby ordered to attend a status conference by

telephone to chart the further course of the case.  The telephone conference will be held on **February 16, 2023** at 11:00 a.m.  The parties are directed to use the Court's conference line, (877) 873-8017 (Access Code: 5277586).

Counsel for plaintiffs is directed to provide a copy of this order to Amoruso and to confirm with her the time and date of the conference.  Counsel should file on the docket a declaration or affidavit that service of this order was made and specify the date and means of service.

**SO ORDERED.**

Dated: February 7, 2023
   New York, New York

_____
JAMES L. COTT
United States Magistrate Judge