UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHIALA MARVICI, et al.,

                    Plaintiffs,

        -against-

ROCHE FACILITIES MAINTENANCE LLC, et al.,

                    Defendants.

21-cv-4259

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ARUN SUBRAMANIAN, United States District Judge:

      After granting a default judgment against Defendants Roche Facilities Maintenance LLC and Stephen Roche, this case was referred to Magistrate Judge James L. Cott for an inquest into damages. *See* Dkt. 88. In the Report and Recommendation filed on September 8, 2023, Magistrate Judge Cott recommended the following damages awards in favor of Plaintiffs:

- Plaintiff Marvici: $57,009, plus prejudgment interest at 9% on $2,744.50 of those damages from November 21, 2020, until the date of final judgment;

- Plaintiff Fadil: $4,092, plus prejudgment interest at 9% on $2,046.40 of those damages from December 15, 2020, until the date of final judgment;

- Under New York Labor Law, if any damages remain unpaid ninety days after issuance of judgment, Plaintiffs will be entitled to a 15% increase on all damages amounts, except Plaintiff Marvici's lost wages ($51,520), which are awarded under the federal Fair Labor Standards Act;

- Attorneys' fees and costs: $18,194.50;

- Post-judgment interest on all sums calculated according to 28 U.S.C. § 1961(a).

Dkt. 92 at 34.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only

conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. 92 at 35. In addition, the Report and Recommendation expressly called Defendants' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). This Court directed Plaintiffs to serve the Report and Recommendation on Defendants. Dkt. 93. They did so on September 28, 2023. Dkts. 94–98. Two more weeks have passed since that service. Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendants have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: October 12, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge